IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Faith Townsend, | Case No. 1:24cv528 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| Rockwell Automation, Inc., et al., | MEMORANDUM OPINION AND ORDER |
| **Defendants.** | |

*Pro se* plaintiff Faith Townsend filed this action against her former employer, Rockwell Automation, Inc. ("Rockwell"), her former supervisor, Robert Rodgriguez, and Rockwell's Human Resources representative, Stephen Ostrom. (Doc. No. 1). Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. No. 6). Plaintiff opposes the motion. (Doc. No. 7). For the reasons that follow, the Court dismisses this action.

## I. Background

On November 28, 2018, Plaintiff filed a complaint against Rockwell and Rodgriguez, asserting discrimination claims under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964. *See Townsend v. Rockwell Automation, Inc., et al.*, No. 1:18CV2742 (N.D. Ohio Nov. 28, 2018) ("*Townsend I*"). Plaintiff alleged the defendants created a racially hostile work environment, retaliated against her, and constructively discharged her. The Court ultimately dismissed Plaintiff's

claims, granting summary judgment against Plaintiff after the parties engaged in discovery. (*Id.*; Doc. Nos. 10, 66). Plaintiff appealed to the Sixth Circuit Court of Appeals, which affirmed this Court's decision. (*Id.*; Doc. No. 72). Plaintiff then filed a motion to vacate the Court's judgment on the basis of fraud under Federal Rules of Civil Procedure 60(b)(3), and she requested a new trial under Rule 59(a)(2). The Court denied Plaintiff's motion. (*Id.*; Doc. No. 75).

On November 22, 2021, Plaintiff filed a second lawsuit against Rockwell, alleging that Rockwell discriminated against her based on her sex and race in violation of Title VII. *See Townsend v. Rockwell Automation, Inc.*, No. 1:21CV2226 (N.D. Ohio Nov. 22, 2021) ("*Townsend II*"). The Court determined that Plaintiff's new claims were sufficiently related to the claims asserted in *Townsend I* and were therefore barred by res judicata. (*Id.*; Doc. No. 18). Plaintiff filed a motion for reconsideration, which the Court denied. (*Id.*; Doc. No. 20). And the Sixth Circuit affirmed the Court's decision in *Townsend II*, agreeing that the Court properly concluded that claim preclusion barred Plaintiff's claims alleged in *Townsend II*. (*Id.*; Doc. No. 22). More than one year later, Plaintiff moved to vacate the judgment on the basis of fraud under Rule 60(b)(3) and Rule "59(2)." The Court denied Plaintiff's motion, finding her motion untimely and without merit. (*Id.*; Doc. No. 30). Plaintiff then filed a "motion for reconsideration of motion to vacate on the basis of fraud [under Rule] 60(d)(1)." (*Id.*; Doc. No. 31). The Court again denied Plaintiff's motion. (*Id.*; Doc. No. 32).

On December 29, 2021, Plaintiff filed an action against the United States of America "seeking a remedy for harm" caused by United States District Judge James S. Gwin when he granted Rockwell's motion for summary judgment in *Townsend I*. *See Townsend v. USA*, No. 1:21CV2425 (N.D. Ohio Dec. 29, 2021) (Doc. No. 1) ("*Townsend III*"). The Court dismissed the action, concluding that Plaintiff's claims concerning her employment dispute with Rockwell were

barred by *res judicata* and the Court "has no authority to conduct additional appellate review over [*Townsend I*]." (*Id.*; Doc. No. 4).

On March 29, 2023, Plaintiff filed a petition for a writ of certiorari with the United States Supreme Court, which was denied. *See Townsend v. Rockwell Automation, Inc.*, No. 23-303, 2023 U.S. LEXIS 4457 (2023). And the Supreme Court denied Plaintiff's petition for rehearing. *See Townsend v. Rockwell Automation, Inc.*, No. 23-303, 2024 U.S. LEXIS 466 (2024).

Plaintiff now files this action, alleging "Fraud on the Court FRCP 60(d)(3)," and "Perjury 18 U.S.C. § 1623." (Doc. No. 1). Plaintiff's complaint, once again, concerns Plaintiff's employment dispute with Rockwell. And once again, Plaintiff alleges fraud in connection with the discovery process initiated in *Townsend I*. Plaintiff requests the Court vacate the judgment entered in *Townsend I*.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). And in reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also*

*Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (citing *Twombly*, 550 U.S. at 596). Although specific facts are not required to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. Law and Analysis

Although Plaintiff adds a defendant to this complaint and alleges fraud under a different federal rule—Rule 60(d)(3), Plaintiff's new complaint is barred by *res judicata*.

"Res judicata," or claim preclusion, is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). This doctrine precludes relitigating a claim or cause of action previously adjudicated as well as litigating a claim or defense that should have been raised, but was not, in a claim or cause of action previously adjudicated. *Id.* "If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted in the prior proceeding.'" *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1954 (2020) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). The purpose of *res judicata* is to "promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Stolmayer v. McCarthy*, 171 F. Supp. 3d 690, 694 (N.D. Ohio 2016).

Here, undeterred by the numerous judgments against her, Plaintiff continues to raise claims associated with her employment dispute with Rockwell nearly three years after the Sixth Circuit affirmed the Court's decision in *Townsend I*, including alleging fraud in connection with the discovery process. She raised many of these same claims in her previous complaints, appeals, and motions to vacate. Specifically, Plaintiff alleges in this complaint fraud concerning her December 2009 paycheck, claiming that this document was not in her possession "despite repeated attempts to collect all pertinent documents." (Doc. No. 1 at 7). In her motion to vacate filed in *Townsend II*, Plaintiff claims "the fraud is perpetrated by the omission of data concerning her 2009 wages." (*Townsend II*; Doc. No. 28 at 7). The Court denied Plaintiff's motion to vacate and her motion to reconsider purportedly filed under Rule 60(d)(1). (*Townsend II*; Doc. Nos. 30, 32). And even if

she did not raise these claims previously, *res judicata* bars Plaintiff from litigating matters in this action because they could have been brought in her prior actions. *Gargallo*, 918 F.2d at 660.

Additionally, Plaintiff's attempt to file this complaint under Rule 60(d)(3) fails. Rule 60(b) is "generally a party's exclusive avenue when seeking relief from a final judgment or order." *Marcelli v. Walker*, 313 F. App'x 839, 842 (6th Cir. 2009) (citing *United States v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998)). However, Rule 60(d), the "savings clause," provides a litigant "an escape from the one-year bar for fraud-based motions for relief from judgment" and allows litigants to bring an independent action challenging the validity of the judgment at any time. *Duncan v. Lourdes Univ.*, No. 3:24-cv-152, 2024 U.S. Dist. LEXIS 94825, *7 (N.D. Ohio May 29, 2024). An independent action under Rule 60(d), however, is rare and only available "to prevent a grave miscarriage of justice." *Beggerly*, 524 U.S. at 47. A "grave miscarriage of justice" is a "stringent" and "demanding" standard that is "available only in cases 'of unusual and exceptional circumstances.'" *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (citations and quotations marks omitted). Independent actions under Rule 60(d) are therefore "reserved for those cases of 'injustice which . . . are sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*." *Beggerly*, 524 U.S. at 46 (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244, 64 S. Ct. 997, 88 L. Ed. 1250, 1944 Dec. Comm'r Pat. 675 (1944)); *Duncan*, 2024 U.S. Dist. LEXIS 94825, at 8-9. Plaintiff has failed to demonstrate such grave injustice to warrant a departure from adherence to the principles of *res judicata*.

To the extent Plaintiff alleges the defendants committed perjury in violation of 18 U.S.C. § 1623, Plaintiff's claim fails. Section 1623 provides protections against perjury in civil proceedings ancillary to a criminal case, but it does not provide a private cause of action where the

civil testimony does not have a nexus to an underlying criminal case. *Nicole Energy Servs. v. McClatchey*, No. 2:08-CV-0463, 2010 U.S. Dist. LEXIS 6025, *18 (S.D. Ohio Jan. 4, 2010) (citing *United States v. Kross*, 14 F.3d 751, 753 (2nd Cir. 1994)); *see also Kafele v. Frank & Wooldridge Co.*, No. 03-4205, 108 Fed. App'x. 307, 308 (6th Cir. Aug. 17, 2004) (holding that petitioner did not possess a private right of action against the defendants for alleged violation of Section 1623, a criminal statute); *Williams v. Finnegan*, No. 5:13 CV 2214, 2014 U.S. Dist. LEXIS 73192, *5 (N.D. Ohio May 29, 2014). And "there is no authority to allow a private citizen to institute a criminal action in a federal court; that power is vested exclusively in the executive branch." *United States v. Nixon*, 418 U.S. 683, 693, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974).

Finally, the Court notes that this is the fourth cause of action Plaintiff has filed concerning her employment dispute with Rockwell. The Court dismissed the three prior actions. And Plaintiff has repeatedly moved to vacate the Court's judgment. In *Townsend I*, she filed a Rule 60(b)(3) motion to vacate the judgment based on fraud, which the Court denied. In *Townsend II*, she filed a motion for reconsideration of the Court's judgment before her appeal to the Sixth Circuit and a Rule 60(b)(3) motion to vacate based on fraud and a "motion for reconsideration of motion to vacate on the basis of fraud [under Rule] 60(d)(1)" following her appeal, all of which were denied. Plaintiff has also filed three appeals, including a petition for writ of certiorari in the United States Supreme Court, which was denied. At least three times, the courts have determined that Plaintiff's claims were barred by *res judicata*.

The Court is very tolerant of legal filings from *pro se* litigants. However, the Court will not permit any litigant to use the Court's resources to address filings which are clearly designed to harass the Court or opposing counsel/parties. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct that impairs the ability to carry

out Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989). The Court's ability to perform its duties is compromised when the Court is forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80, 111 S. Ct. 596, 112 L. Ed. 2d 599 (1991).

This court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Procup*, 792 F.2d at 1073. To achieve that end, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).

Plaintiff's new complaint appears to be filed for the sole purpose of obstructing the legal process. Plaintiff is therefore cautioned that continued efforts to file patently repetitive and frivolous documents or motions may result in sanctions being issued against her, including declaring her to be a vexatious litigant and enjoining her from filing new actions without first seeking and obtaining leave of court.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendants' motion (Doc. No. 6) and dismisses this action.

**IT IS SO ORDERED.**

Date: July 18, 2024

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE